UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


FILED
DEC 8 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

PAMELA POWELL,

Plaintiff,

v.                                        Civil Action No. 2:11cv438

BANK OF AMERICA, N.A., and

RECONTRUST COMPANY, N.A.,

Defendants.

## OPINION AND ORDER

This matter comes before the Court on a motion to dismiss. Doc. 5. On June 12, 2011, Plaintiff Pamela Powell ("Powell") filed this suit against Defendants Bank of America, N.A. ("Bank of America") and Recontrust Company, N.A. ("Recontrust") in the Circuit Court for the City of Norfolk. Doc. 1-1. Powell's Complaint claims that Bank of America breached an alleged contract to modify Powell's mortgage and was negligent in handling her attempt to modify the mortgage. Id. at paras. 18–37. Powell further alleges that Recontrust breached this alleged contract between Powell and Bank of America and that it tortuously interfered with Powell's relationship with the owner of her mortgage. Id. at paras. 38–42. Powell seeks a preliminary injunction against foreclosure, an injunction banning foreclosure and requiring modification, and $74,500 in compensatory and punitive damages. Id. at paras. 43–48, Prayer for Relief.

Defendants removed this case to this Court on August 8, 2011. Doc. 1. On August 12, 2011, Defendants filed this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

1

Civil Procedure. Doc. 5. Powell did not respond to this motion by the deadline of August 26, 2011, as required by the Local Rules. L.R. 7(F)(1). Therefore, this motion is ripe for decision.

## I. FACTUAL BACKGROUND

In a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's allegations as true. E.g., Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999). Powell alleges the following:

In September, 2007, Powell took out a $199,400 mortgage from Bank of America on real property in the City of Norfolk ("the Property"). Doc. 1-1 at paras. 1–2. Powell lost her job on May 9, 2009, and fell behind on the loan in March 2010. Id. at paras. 5–6. Powell alleges that she then contracted with Bank of America to modify her loan and provided all requested documents. Id. at paras. 7–8.

On February 8, 2011, Powell resubmitted her application for a modification due to changed circumstances. Id. at para. 10. On February 28, 2011, Bank of America denied Powell's first modification request on the grounds that she had not provided all requested documents. Id. at para. 9. Bank of America also denied Powell's second modification request. Id. at para. 11.

On June 3, 2011, Powell secured counsel to file a third modification package. Id. at para 13. Bank of America has not responded to Powell's requests for information regarding this application, despite four attempts by Powell to contact the loan negotiator assigned to her case. Id. at paras. 14–15. Powell's home was in foreclosure status at the time she filed this suit. Id. at para. 17.

## II. POWELL'S CLAIMS

Defendants have moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(6), arguing that Powell has not stated a claim upon which relief can be granted. Doc. 5. Powell's claims stem from several violations of the federal Home Affordable Modification Program ("HAMP") allegedly committed by Bank of America. Powell attempts to state four state-law claims against Defendants:

II.[1] Bank of America entered into a contract to modify Powell's mortgage according to certain terms, and then breached that contract. Doc. 1-1 at paras. 18–29.

III. Bank of America committed negligence per se by violating the federal Home Affordable Modification Program ("HAMP"). Id. at paras. 30–37.

IV. Recontrust also breached the alleged contract between Bank of America and Powell. Id. at paras. 38–39.

V. Bank of America and Recontrust tortiously interfered with Powell's contract with the holder of her mortgage. Id. at paras. 40–42.

## III. STANDARD OF LAW

Defendants move to dismiss the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Powell has not stated a claim upon which relief can be granted. Doc. 5. In a motion to dismiss under Rule 12(b)(6), courts consider as true the properly pled allegations contained in the Complaint. E.g., Edwards, 178 F.3d at 243–44. Courts also consider as true any documents that are "integral to and explicitly relied on in the [C]omplaint," so long as there is no challenge to their authenticity. Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999).

---

[1] Section I of the Complaint lists the common factual allegations underlying Powell's claims and does not itself assert any claims against Defendants. Therefore, the first Count of the Complaint is numbered "II," and so forth.

Case 2:11-cv-00438-AWA -FBS Document 7 Filed 12/08/11 Page 4 of 8 PageID# 130

To be properly pled, the Complaint must show that the wrongdoing alleged was not merely possible, but plausible. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Conclusory allegations "necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A mere "'formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

## IV. ANALYSIS

### A. BREACH OF CONTRACT

Powell argues that a contract existed between herself and Bank of America to modify her loan. Doc. 1-1 at para. 18. Powell alleges that Bank of America breached this contract and that she suffered damages as a result. Id. at paras. 27–29. Powell further alleges that Recontrust also breached this contract by initiating foreclosure proceedings at Bank of America's request. Id. at paras. 38–39.

An enforceable contract requires mutual assent and mutual consideration. Plaskitt v. Black Diamond Trailer Co., 164 S.E.2d 645, 653 (Va. 1968). Here, Powell has not alleged that she provided Bank of America with consideration. Powell alleges that she decided "to forego other foreclosure avoidance options" in "reliance on the representations of the Defendants," thereby placing herself "in a more disadvantageous position than that which she would have occupied except for the conduct of the Defendants." Doc. 1-1 at paras. 22–24. However, "[m]ere forbearance, without an agreement to that effect, is not sufficient consideration for a promise, even though the fact of forbearance was induced by the promise." Greenwood Assocs., Inc. v. Crestar Bank, 448 S.E.2d 399, 402 (Va. 1994) (citing Saunders v. Bank of Mecklenburg, 71 S.E. 714, 717 (Va. 1911)). "'Such an agreement is absolutely essential.'" Id. (quoting

Saunders, 71 S.E. at 717). Because Powell has not alleged that she ever *agreed* to forego other foreclosure avoidance options, she has not alleged any consideration for Bank of America's alleged promises. See Albright v. Burke & Herbert Bank & Trust Co., 457 S.E.2d 776, 778 (Va. 1995) (citing id.) ("Nor does a debtor's failure to seek financing elsewhere supply the necessary consideration for a creditor's agreement to refinance a defaulted loan.").

Because Powell has alleged no consideration that might support her alleged contract with Bank of America, she cannot state a claim against either Defendant for breach of that contract, and Defendants' Motion to Dismiss is **GRANTED** as to Counts II & IV of the Complaint.

## B. NEGLIGENCE PER SE

Powell claims that Bank of America's alleged violations of HAMP constituted negligence per se. Doc. 1-1 at 34.

> The elements of negligence per se are well-established. First, the plaintiff must prove that the defendant violated a statute enacted for public safety. Second, the plaintiff must belong to the class of persons for whose benefit the statute was enacted, and demonstrate that the harm that occurred was of the type against which the statute was designed to protect. Third, the statutory violation must be a proximate cause of plaintiff's injury.

Kaltman v. All Am. Pest Control, Inc., 706 S.E.2d 864, 872 (Va. 2011) (citations omitted). "The first and second of these elements are issues of law to be decided by a trial court, while the third element is generally a factual issue to be decided by the trier of fact." Id. (citing Schlimmer v. Poverty Hunt Club, 597 S.E.2d 43, 46 (Va. 2004)).

In this case, Powell has not alleged that Bank of America has "violated a statute enacted for the public safety." Duties under HAMP are not statutory, but contractual. See Bourdelais v. J.P. Morgan Chase, No. 3:10CV670-HEH, 2011 WL 1306311, slip op. at 1 (E.D. Va. April 1, 2011) (explaining that servicers, other than government-sponsored organizations like Fannie Mae and Freddie Mac, undertake their HAMP obligations voluntarily via a contract with the

government that expressly incorporates the HAMP guidelines). Assuming Powell's allegations to be true, Bank of America has not violated a *statute* enacted for the public safety, but rather breached a *contract* whose terms incorporate guidelines that are codified in a statute.

Therefore, Powell cannot state a claim for negligence per se under HAMP, and Defendants' Motion to Dismiss is **GRANTED** as to Count III of the Complaint.

### C. TORTIOUS INTERFERENCE

Powell also claims that both Defendants tortiously interfered with her business expectancy from the holder of her mortgage. Doc. 1-1 at paras. 40–42. This tort has four elements:

> (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted.

Chaves v. Johnson, 335 S.E.2d 97, 103 (Va. 1985). Additionally, when the interference does not cause a breach of contract, but only a termination of a business expectancy (including contracts that are terminable at will), the plaintiff must show that the interference involved "improper methods." Maximus, Inc. v. Lockheed Info. Mgmt. Sys. Co., Inc., 493 S.E.2d 375, 378 (Va. 1997).

Powell cannot state a claim for tortious interference against Bank of America. Although Bank of America is not directly mentioned in the loan contract, see Doc. 6-1, Powell has stated that Bank of America is the servicer of the loan, Doc. 1-1 at para. 1. As a servicer of the loan, Bank of America is vested with various rights and obligations under the loan contract.[2] Doc. 6-1

---

[2] Powell has stated that her relationship with "the note-holder" was interfered with, indicating that this relationship is defined by the mortgage note. Doc 1-1 at para. 40. Therefore, the note is "integral to and explicitly relied on in the [C]omplaint," and because Powell has not challenged the note's authenticity, it can be considered in deciding the present motion. Phillips, 190 F.3d at 618.

6

at para. 20. Thus, Bank of America is a party to the loan agreement. Because Bank of America is a party to the loan agreement, it cannot be sued for tortious interference with that agreement. Fox v. Deese, 362 S.E.2d 699, 708 (Va. 1987) (citing Chaves, 335 S.E.2d at 102).

Powell also has failed to state a claim of tortious interference against Recontrust. Powell has alleged that: (1) she had a business relationship with the holder of her mortgage (Doc. 1-1 at para. 42); (2) Recontrust knew of this relationship (id. at para. 40); (3) Recontrust engaged in foreclosure proceedings, which would terminate her contract (id. at paras. 39, 41–42); and (4) foreclosure would result in damages to Powell (id. at paras. 17, 42).

However, Powell has not alleged that Recontrust used "improper methods" to interfere with her contract with the note-holder. Although Powell does assert that Bank of America used several potentially improper methods, her only allegation of impropriety regarding Recontrust is that it breached Bank of America's contract with her. Doc. 1-1 at paras. 38–39. While a breach of contract violates a "recognized common-law rule," as discussed above, Powell has not adequately alleged that such a contract existed. Therefore, this Court must conclude that Powell has failed to allege that Recontrust's alleged interference involved improper methods.

Because Powell has failed to state a claim for tortious interference against either Defendant, the Motion to Dismiss is **GRANTED** as to Count V of the Complaint.

D. CONCLUSION

Even assuming that Powell's allegations are true, her claims are rooted in allegations that Bank of America violated HAMP. That statute provides no private cause of action. Accordingly, Powell has sought redress by asserting other causes of action. "Clever pleading, of course, is neither unethical nor illegal—it is, in fact, good lawyering." Linnin v. Michielsens, 372 F. Supp. 2d 811, 825 (E.D. Va. 2005). "But good lawyering should not defeat good judging,

which requires a court to call things as it sees them." Id. Because the causes of action that Powell relies upon are inapplicable to this case, Powell has not stated a claim upon which relief can be granted.

## V. CONCLUSION

For the foregoing reasons, Powell has failed to state a claim for relief upon which relief can be granted. Therefore, Defendants' Motion to Dismiss (Doc. 5) is **GRANTED,** and the case is **DISMISSED WITH PREJUDICE.**

Because the case is dismissed with prejudice, Powell's request for a preliminary injunction (Doc. 1-1 at paras. 43–48) is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

*ARENDA L. WRIGHT ALLEN*
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December ___, 2011